Schmidt, Appellant, vs. The Chicago & Northwestern Railway Company, Respondent.

*May 22 — June 20, 1895.*

*Carriers: Warehousemen: Loss by fire: Court and jury.*

1. The responsibility of a railway company as common carrier for goods which have been stored in its warehouse attaches whenever the duty of immediate transportation arises, and not until then.

2. Plaintiff, who had goods stored in defendant's warehouse, notified its agent that he had a car load ready to be shipped, and asked him if he could get a car and load them.   The agent said that it was impossible to get a car that day, but that he would load them the next morning.   Plaintiff said, "All right; I will be there to load them."   He took no receipt at the time, because he was in the habit of being present at shipments and taking receipts then.   That

Schmidt vs. The Chicago & Northwestern R. Co.

night the warehouse and goods were destroyed by fire without fault of the defendant. *Held*, that it was not so clear that the duty of transportation had not arisen prior to the fire as to justify the direction of a verdict for defendant.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The plaintiff is a wholesale dealer in rags. He was accustomed to store rags in the defendant's freight warehouse as they were gathered in, and, whenever he made a sale, to ship them out in car-load lots. On the 28th day of October, 1892, he had a car load of rags in defendant's warehouse, for which he had an order. He went to the foreman of defendant's freight house, notified him that he had a car load ready to be shipped to Kimberly, Clark & Co., at Appleton, Wis., and asked him if he could get a car and load them. The foreman said that it was impossible to get a car that day, but that he would load them the next morning. Plaintiff said, "All right; I will be there to load them." Plaintiff took no receipt for the goods at that time, because, as he testifies, mistakes had been made at that warehouse in the shipment of his goods, so he was in the habit of being present at the shipment to see that no mistake was made, and took his receipt then. That same night the warehouse and its contents, including the plaintiff's rags, were destroyed by fire, which was not caused by any fault of the defendant.

A verdict for the defendant was directed. From judgment on that verdict the plaintiff appeals.

*C. H. Hamilton,* for the appellant, argued, among other things, that the place at which delivery of the rags was made was the usual and ordinary one for such delivery. The agent of defendant was notified of the delivery and accepted the same. They were for immediate transportation, and the only cause of their loss was the refusal or inability of defendant to furnish cars as a common carrier. The deposit in the warehouse of defendant was a mere accessory to the

carriage, and its liability as common carrier was not postponed to the time the goods were actually put in motion. Hutchinson, Carriers, § 89; *Moffatt v. G. W. R. Co.* 15 Law T. Rep. (N. S.), 630; *Blossom v. Griffin*, 13 N. Y. 569. When goods are delivered to a carrier for shipment at its earliest convenience, nothing further remaining to be done with reference thereto by the owner, the company is liable as a common carrier if the goods are burned before shipment. *Grand Tower M. & T. Co. v. Ullman*, 89 Ill. 244; *Merriam v. H. & N. H. R. Co.* 20 Conn. 354; *Pittsburgh, C. & St. L. R. Co. v. Barrett*, 36 Ohio St. 448; *Little Rock & F. S. R. Co. v. Hunter*, 42 Ark. 200. Where goods are delivered to a carrier for transportation and they are for its own convenience temporarily stored in a warehouse, it is liable as carrier. *Fitchburg & W. R. Co. v. Hanna*, 6 Gray, 539; *Rogers v. Wheeler*, 52 N. Y. 262. The liability of carrier commences with delivery of the goods to it or its agent at the place where it is accustomed to receive goods. *Southern Exp. Co. v. Newby*, 91 Am. Dec. 783; *Barron v. Eldredge*, 1 Am. Rep. 126. This acceptance is complete when the property comes into its possession with its assent. *Ill. Cent. R. Co. v. Smyser*, 87 Am. Dec. 301; *Gass v. N. Y., P. & B. R. Co.* 96 id. 742. When there is any question or conflict of evidence as to whether there has been a delivery to the carrier, even if based upon usage of trade, the question should be left to the jury. *Green v. M. & St. P. R. Co.* 38 Iowa, 100. When nothing further is required to be done by the shipper, the liability of the railroad is that of a carrier and not that of a warehouseman. *London & L. F. Ins. Co. v. R., W. & O. R. Co.* 68 Hun, 598.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*. They cited Hutchinson, Carriers, §§ 63, 88; *O'Neill v. N. Y. C. & H. R. R. Co.* 60 N. Y. 138; *Basnight v. A. & N. C. R. Co.* 111 N. C. 592.

NEWMAN, J. The question on which the case turns is whether defendant's custody of plaintiff's goods at the time when they were destroyed was the custody of a mere warehouseman, or whether it was the custody of a common carrier. If the former, it is not liable; if the latter, it is liable. The rags were originally delivered in bales, to be kept in the warehouse until further orders. Until such further orders were received the defendant's responsibility for them was that of a warehouseman only. Upon receipt of orders to ship the goods so in warehouse, the responsibility as common carrier attaches, although the goods remain unmoved in the warehouse. If, without putting them in transit, the carrier, for his own temporary convenience, keeps them in store, still the liability of a carrier attaches. The more stringent liability of a common carrier attaches whenever the duty of immediate transportation arises,— 2 Redf. Railways (6th ed.), § 174; *Barron v. Eldredge,* 100 Mass. 455,— and not until then.

It does not seem to be entirely clear upon the evidence whether the duty of immediate transportation of the goods by the defendant had not arisen previous to the fire. Apparently the goods were remaining in the warehouse for the temporary convenience of the defendant, and against the wishes of plaintiff. The delay does not seem to have been at the instance of the plaintiff, but, in some degree at least, against his will and compulsory upon him. The question whether the liability of a carrier had attached depends upon what was the real situation disclosed by the evidence in respect to this fact. Were the goods remaining in the warehouse contrary to plaintiff's order to have them shipped? This depends upon what was the real understanding between the plaintiff and the defendant's foreman. Was it, in effect, an order to ship the goods? and, as bearing upon that question, Was the delay for the defendant's convenience, and was it acquiesced in by the plaintiff, or was it really against

his will? How did the parties understand it? It seems to this court that this question was not so clearly in the defendant's favor, upon the evidence, as to justify the direction of a verdict for the defendant.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded for a new trial.